Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

MARLON NERY HERNANDEZ,

                    *Plaintiffs*,

-against-

CJ TROPICAL CORP., DIOGENES J MENDEZ, CARLOS FOUNDER A/K/A CARLOS FONDEUR, JIUBER MENDEZ and RAFIELY HERNANDEZ,

                    *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No:

MARLON NERY HERNANDEZ ("Plaintiff(s)") by and through their attorneys, Colin Mulholland, Esq. and Naydenskiy Law Firm, PLLC, as against CJ TROPICAL CORP, DIOGENES J MENDEZ, CARLOS FOUNDER A/K/A CARLOS FONDEUR, JIUBER MENDEZ and RAFIELY HERNANDEZ (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of CJ TROPICAL CORP. that was owned and operated by Defendants CJ TROPICAL CORP, DIOGENES J MENDEZ, CARLOS FOUNDER A/K/A CARLOS FONDEUR, JIUBER MENDEZ and RAFIELY HERNANDEZ.

2. Defendants own, operate, and/or controlled a wholesale warehouse located at 526 Tiffany St, Bronx, NY, 10474.

1

3. Plaintiff MARLON NERY HERNANDEZ was employed by Defendants as a warehouse clerk and general laborer.

4. At all times relevant to this Complaint, Plaintiff(s) worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

5. Further, Defendants failed to pay Plaintiff(s) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6. Plaintiff(s) now bring(s) this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff MARLON NERY HERNANDEZ is an adult individual residing Bronx. Plaintiff MARLON NERY HERNANDEZ was employed by Defendants from approximately November 11, 2024 to May 30, 2025.

10. CJ TROPICAL CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 526 Tiffany St, Bronx, NY, 10474.

11. Each CJ TROPICAL CORP. is a closely held corporation operated by Defendants DIOGENES J MENDEZ, CARLOS FOUNDER A/K/A CARLOS FONDEUR and JIUBER MENDEZ.

12. Defendant DIOGENES J MENDEZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant DIOGENES J MENDEZ is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

13. Defendant DIOGENES J MENDEZ possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14. Defendant DIOGENES J MENDEZ implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

15. Defendant DIOGENES J MENDEZ had the authority to hire and fire Plaintiff and all other employees.

16. Defendant DIOGENES J MENDEZ set Plaintiff's pay rate without a premium for his overtime hours.

17. Defendant DIOGENES J MENDEZ had the final word on all decisions at the wholesale warehouse including which executory contracts to enter into for the business, including but not limited to the lease.

18. Defendant DIOGENES J MENDEZ supervised the operations of the wholesale warehouse including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performance at the business.

19. Defendant DIOGENES J MENDEZ controlled the payroll records and pay practices of the wholesale warehouse.

20. Defendant DIOGENES J MENDEZ controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

21. Defendant DIOGENES J MENDEZ was the person who controlled payroll funds for employees including Plaintiff.

22. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

23. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

24. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment

4

and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

25. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR had the authority to hire and fire Plaintiff and all other employees.

26. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR set Plaintiff's pay rate without a premium for his overtime hours.

27. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR set and altered Plaintiff's schedules by setting his entry and exit times.

28. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR had the final word on all decisions at the wholesale warehouse including which executory contracts to enter into for the business, including but not limited to the lease.

29. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR supervised the operations of the wholesale warehouse including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performed at the business.

30. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR controlled the payroll records and pay practices of the wholesale warehouse.

31. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

32. Defendant CARLOS FOUNDER A/K/A CARLOS FONDEUR was the person who controlled payroll funds for employees including Plaintiff.

33. Defendant JIUBER MENDEZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JIUBER MENDEZ is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

34. Defendant JIUBER MENDEZ possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

35. Defendant JIUBER MENDEZ implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

36. Defendant JIUBER MENDEZ had the authority to hire and fire Plaintiff and all other employees.

37. Defendant JIUBER MENDEZ set Plaintiff's pay rate without a premium for his overtime hours.

38. Defendant JIUBER MENDEZ had the final word on all decisions at the wholesale warehouse including which executory contracts to enter into for the business, including but not limited to the lease.

39. Defendant JIUBER MENDEZ supervised the operations of the wholesale warehouse including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performed at the business.

40. Defendant JIUBER MENDEZ controlled the payroll records and pay practices of the wholesale warehouse.

41. Defendant JIUBER MENDEZ controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

42. Defendant JIUBER MENDEZ was the person who controlled payroll funds for employees including Plaintiff.

43. Defendant RAFIELY HERNANDEZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JIUBER MENDEZ is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

44. Defendant RAFIELY HERNANDEZ possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

45. Defendant RAFIELY HERNANDEZ implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

46. Defendant RAFIELY HERNANDEZ had the authority to hire and fire Plaintiff and all other employees.

47. Defendant RAFIELY HERNANDEZ directly and personally hired Plaintiff and discharged Plaintiff.

48. Defendant RAFIELY HERNANDEZ set Plaintiff's pay rate without a premium for his overtime hours.

49. Defendant RAFIELY HERNANDEZ was the person with whom Plaintiff complained about his pay and work related issues.

50. Defendant RAFIELY HERNANDEZ set and altered Plaintiff's schedules by setting his entry and exit times specifically.

51. Defendant RAFIELY HERNANDEZ disciplined and admonished Plaintiff about his work performance such as by verbally admonishing him and controlling work assignments.

52. Defendant RAFIELY HERNANDEZ physically issued pay to the Plaintiff on pay day.

53. Defendant RAFIELY HERNANDEZ supervised the operations of the wholesale warehouse including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performed at the business.

54. Defendant RAFIELY HERNANDEZ controlled the payroll records and pay practices of the wholesale warehouse.

55. Defendants willfully and maliciously failed to keep proper time and pay records in order to thwart Plaintiffs' ability to vindicate their due wages.

## FACTUAL ALLEGATIONS

56. Defendants are associated and joint employers, act in the interest of each other.

57. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

58. Defendants are experienced wholesale warehouse operators and willfully and maliciously failed to pay Plaintiff correctly as an intentional business practice.

59. Defendants willfully and maliciously failed to maintain proper records in order to hide a paper trail of their wage theft so as to thwart the Plaintiff's ability to vindicate their rights.

60. Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

61. Defendants jointly employed Plaintiff(s) and were employers within the meaning of 29 U.S.C. § 201 et seq. and the NYLL. In the alternative, Defendants constitute a single employer of each Plaintiff.

62. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

63. In the years 2024 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

64. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at CJ TROPICAL CORP., such as vegetables, forklifts, paper good, packing material, plastic wrap, were produced outside the State of New York.

65. Plaintiff(s) were individually engaged in interstate commerce by virtue of handling goods delivered from and into interstate commerce such as produce.

*Plaintiff MARLON NERY HERNANDEZ*

66. Plaintiff MARLON NERY HERNANDEZ was employed by Defendants from approximately November 11, 2024 to May 30, 2025.

67. Throughout his employment with defendants, Plaintiff MARLON NERY HERNANDEZ was employed at 526 Tiffany St, Bronx, NY, 10474 as a warehouse clerk and general laborer.

68. Plaintiff MARLON NERY HERNANDEZ regularly handled goods in interstate commerce, such as produce and other supplies produced outside the state of New York.

69. Plaintiff MARLON NERY HERNANDEZ's work duties required neither discretion nor independent judgment.

70. Plaintiff MARLON NERY HERNANDEZ regularly worked in excess of 40 hours per week.

71. From approximately November 2024 to May 2025, Plaintiff MARLON NERY HERNANDEZ typically worked the following typical schedule for an average of 70 hours per week:

   a. Mondays: From between 8:00 P.M. until between 8:00 A.M. and 10:00 A.M.

   b. Tuesday: From between 8:00 P.M. until between 8:00 A.M. and 10:00 A.M

   c. Wednesday: From between 8:00 P.M. until between 8:00 A.M. and 10:00 A.M

   d. Thursday: From between 8:00 P.M. until between 8:00 A.M. and 10:00 A.M

   e. Friday: From between 8:00 P.M. until between 8:00 A.M. and 10:00 A.M

   f. Saturday: From between 8:00 P.M. until between 8:00 A.M. and 10:00 A.M. (once or twice per month)

   g. Sunday: Typical Day Off

72. Defendants paid Plaintiff MARLON NERY HERNANDEZ the following fixed weekly rates rates without an overtime premium for hours worked over 40:

   a. 2024: $875.00

   b. 2025: $875.00

73. No notification was given to Plaintiff regarding overtime and minimum wages under the FLSA and NYLL.

74. Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

75. Defendants never provided Plaintiff MARLON NERY HERNANDEZ, any notice in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

76. Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor her precise hours worked and pay received thus forcing them to rely on their recollection alone and causing her to suffer the prolonged underpayment of wages by the Defendants.

77. Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiff's ability to document their income and employment history.

78. Defendants paid Plaintiff in a mixture of cash and check in order to hide their wage violations.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the FLSA, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81. Defendants' failure to pay Plaintiff(s) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff(s) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

83. Plaintiff(s) repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff(s), controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiff(s) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiff(s) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff(s) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

90. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

91. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

92. Defendants' failure to pay Plaintiff (s)overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93. Plaintiff(s) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

94. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

95. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff(s), controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

96. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff(s) less than the minimum wage.

97. Defendants' failure to pay Plaintiff(s) the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff(s) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

99. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

100. Defendants failed to pay Plaintiff(s) one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's' spread of

hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

101. Defendants' failure to pay Plaintiff(s) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

102. Plaintiff(s) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

103. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

104. Defendants failed to provide Plaintiff(s) with written notices, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

14

## OF THE NEW YORK LABOR LAW

106. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

107. With each payment of wages, Defendants failed to provide Plaintiff(s) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff(s);

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff(s) damages for the amount of unpaid minimum wages and

overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff(s) liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff(s).

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff(s);

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff(s);

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff(s) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff(s) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m)     Awarding Plaintiff(s) pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff(s) the expenses incurred in this action, including costs and attorneys' fees;

(o)     Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff(s) demands a trial by jury on all issues triable by a jury.

Dated:  Astoria, New York
        September 15, 2025

By:     */s/ Colin Mulholland*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019


*/s/ Gennadiy Naydenskiy*
Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224