USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

MARLON NERY HERNANDEZ,

Plaintiff,

-against-

CJ TROPICAL CORP. et al.,

Defendants.

---------------------------------------------------------------X

**25-CV-8348 (KHP)**

**CHEEKS APPROVAL ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (ECF No. 74.) This Court has reviewed the parties' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during an arms-length settlement mediation conducted by this Court), it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate

Plaintiffs' counsel for their legal fees. The agreement is therefore approved, conditioned on the Court's interpretation of paragraph 6 of the agreement to allow Plaintiff to discuss his wages and hours while employed for Defendant and that nothing in the Agreement shall prohibit Plaintiff from initiating such discussions or responding truthfully to questions he receives about his wages and hours while employed by Defendant.

2. In accordance with the parties' request, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs.

4. The Clerk of Court is directed to close this case and terminate all conferences and motions on the Docket of the Court.

**SO ORDERED.**

DATED: New York, New York
August 12, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge